FILED
4/13/2023 5:09 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Cynthia R Willis DEPUTY

2 CIT ESERVE

CAUSE NO. DC-23-04945

| | | |
|---|---|---|
| ALIA I. KHAN | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | DALLAS COUNTY, TEXAS |
| v. | § | |
| | § | |
| AGREEYA SOLUTIONS, INC. & VERIZON COMMUNICATIONS, INC. | § | |
| | § | 101st JUDICIAL DISTRICT |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Alia I. Khan ("Khan" or "Plaintiff") brings this action against Defendants, Agreeya Solutions, Inc. ("Agreeya") and Verizon Communications, Inc. ("Verizon"), for violating the laws of the State of Texas and the United States of America and alleges the following:

## I. DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of the Texas Rules of Civil Procedure, Rule 190.3.

## II. PARTIES AND JURISDICTION

2. Plaintiff is an individual who is a resident of Dallas County, Texas.

3. Defendant, Agreeya Solutions, Inc. ("Agreeya") is a corporation and employer that is authorized to do business in Dallas County, Texas and may be served by and through its registered agent namely URS Agents, LLC, 3610-2 N. Josey Lane, Suite 223, Carrollton, TX 75007 or their headquarters at 605 Coolidge Dr., Suite 200, Folsom, CA 95630-4210.

4. Defendant, Verizon Communications, Inc. ("Verizon") is a corporation and employer that is authorized to do business in Dallas County, Texas and may be served by and

through its registered agent namely its corporate headquarters located at 1095 Avenue of the Americas New York, NY 10036.

5. Both Agreeya and Verizon. have continuously been an employer engaged in industry affecting commerce within the meaning of Sections 101(5) and (7) of the ADA, 42 U.S.C. §§12111(5) and (7), which incorporates Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e (b), (g), and (h) and the Texas Commission on Human Rights Act ("TCHRA").

6. Agreeya and Verizon have continuously been a covered entity under Section 101(2) of the ADA, 42 § 12111(2) and the TCHRA.

7. This Court has jurisdiction to hear the merits of Plaintiff's claims under 29 U.S.C. §§ 2601 *et seq*., Title I of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §112101 et seq. and Title I of the Civil Rights Act of 1991 and the Texas Commission on Human Rights Act ("TCHRA").

8. This action is authorized and instituted pursuant to Section 107(a) of the ADA, as amended, 42 U.S.C. §12117(a), which incorporates by reference sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 as amended. 42 U.S.C. 2000e-5(f)(1) and (3); as well as the TCHRA.

9. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 and 42 U.S.C. § 1981-1983 to hear the state and federal claims that will be set forth in this Complaint.

10. Venue is proper as to Plaintiff's claims because the unlawful employment practices described herein were committed in the State of Texas. Furthermore, venue is proper as to Plaintiff's claim, pursuant to 28 U.S.C. §1391(b), and Tex. Civ. Remedies and Practice Code §§15.002 15.092, and 15.093, as the events giving rise to Plaintiff's claims occurred substantially in Dallas County, Texas.

## III. CONDITIONS PRECEDENT

11. All conditions precedent for this case have been met for filing of this case. Plaintiff received a right to sue letter from the Texas Workforce Commission on February 24, 2023, and filed this case within sixty (60) days of receipt of the same.

## IV. FACTS

12. On or about November 2020, Plaintiff learned about a position through Agreeya at Verizon for which she was qualified.

13. On or about January 15, 2021, Ms. Khan completed her first interview for the position with Defendants and her second interview was complete on January 27, 2021.

14. On or about February 1, 2021, Agreeya contacted Plaintiff informed her that she was selected for the job and provided information about the onboarding process.

15. On the same day, February 1, 2021, Ms. Khan gave her employer from which she had been earlier furlough in July 2020 her two weeks notice.

16. Two days later, unfortunately, Ms. Khan was involved in a serious auto collision in which she suffered significant physical and mental/emotional injuries and disabilities.

17. On or about February 5, 2021, the same day she was released from the hospital, Ms. Khan rescheduled her drug test for the job on February 12, 2021.

18. During her time in the hospital, Ms. Khan suffered significant pain and suffering and needed powerful narcotics to make it through the experience.

19. To avoid becoming reliant and addicted to these powerful narcotics, Ms. Khan's physician ordered her to take medical marijuana which could help her with her pain without having significant side effects and reduce the chance of long-term addiction.

20. On or about February 12, 2021, Ms. Khan received a Verizon laptop to facilitate her new job.

21. On or about February 16, 2021, Agreeya called Ms. Khan to say she had THC in her urine and requested medical records.

22. On or about February 18, 2021, Ms. Khan provided Agreeya the prescriptions from her doctor explaining the drugs in her system.

23. On February 19, 2021, Agreeya contacted Ms. Khan and informed her that she was terminated due to her drug test results.

24. Defendants have more than 500 employees.

25. Plaintiff informed her employer of his disability.

26. Plaintiff continues to be unable to perform major life activities

27. Plaintiff made it clear that she was disabled and required an accommodation.

28. On February 19, 2021, Plaintiff was terminated.

29. In the alternative, Plaintiff had been refused a job with Defendants due to her disabilities.

30. Defendants did not even attempt to engage Plaintiff in the interactive process once becoming aware of her disabilities.

31. Defendant's actions caused significant damages to Plaintiff.

## V. CAUSES OF ACTION

### COUNT I: ADA AND TCHRA DISABILITY DISCRIMINATION

32. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

33. Plaintiff was disabled as a result of her auto collision on February 3, 2021.

34. Plaintiff reported this disabling condition to Defendants.

35. Plaintiff was subsequently terminated and/or not hired as a result of her disability.

36. Plaintiff's disability impaired numerous major life activities and continues to do so to this day.

37. Defendant failed to accommodate Plaintiff's disability by failing to allow her to continue with her doctor-prescribed and managed drug prescription.

38. Defendants failed to engage in the interactive process under the ADA with Plaintiff.

39. Alternatively, Defendant simply terminated Plaintiff after discovering her need to address his disability.

40. Defendants failed to engaged in the interactive process with Ms. Khan to determine if a reasonably accommodation was possible which would have allowed her to work.

41. Defendants simply terminated Plaintiff asserting a drug test result when it knew that the drug that showed up on the drug test was being used by Plaintiff to manage her disability.

42. The effect of these unlawful practices has been to deprive Ms. Khan of equal employment opportunities, and to otherwise adversely affect her employment status as an employee because of her disability.

43. The unlawful employment practices complained of above were intentional.

44. The unlawful employment practices described above were committed with malice or with reckless indifference for the federal protected rights of Ms. Khan.

45. Plaintiff suffered significant damages as a result of Defendant's actions. Further, because Plaintiff was forced to retain counsel to protect her rights, Plaintiff is also entitled to reasonable attorneys' fees, reasonable expert witness fees, and any other costs of court.

Additionally, Plaintiff is entitled to pre-judgment and post-judgment interest on all sums, including attorneys' fees and costs awarded in this action.

## VI. ATTORNEYS' FEES/DAMAGES

46. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

47. Plaintiff is entitled to recover attorneys' fees and costs for bringing this action pursuant to 29 U.S.C. §2617(3), the ADA, and as allowed by the Texas Labor Code.

48. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief of between $250,000 and $1,000,000. Plaintiff further seeks a demand for judgment for other relief to which the party deems himself entitled.

## VII. REQUEST FOR DISCLOSURE

49. Pursuant to Rule 194, Defendants are hereby requested to disclose, within 50 days of receipt of this request, the information or material described in Texas Rules of Civil Procedure 194(a) through (l).

## VIII. JURY TRIAL DEMANDED

50. Plaintiff requests a jury trial on all questions of fact raised by its petition.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Alia I. Khan, respectfully requests that this Court award him judgment against Defendant Agreeya and Defendant Verizon. for the following:

a. Actual and consequential damages;

b. Compensatory and Non-compensatory damages;

c. Front pay and back pay;

d. Punitive damages;

e. Attorneys' fees and expenses;

f. Pre-judgment and post-judgment interest as allowed by law;

g. Past and Future non-pecuniary damages including emotional pain, suffering, convenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages as a result of the unlawful employment practices described above, in amounts to be proven at trial;

h. Costs of court; and

i. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**The Bhatti Law Firm, PLLC**

s/Vincent J. Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
5700 Tennyson Parkway, Suite 300
Plano, TX 75024
Telephone: (214) 253-2533
Facsimile: (214) 279-0033
Vincent.bhatti@bhattilawfirm.com
Ditty.bhatti@bhattilawfirm.com
**ATTORNEYS FOR PLAINTIFF, ALIA I. KHAN**